IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ERIC LUCERO AND WHITNIE POTTS § § § | |
| VS. § | CASE NO. 2:20-CV-207-Z-BR |
| § | |
| CATERPILLAR, INC., WHEELS INDIA, § LTD., GKN ARMSTRONG WHEELS § INC., and GKN NORTH AMERICAN § SERVICES, INC. § § | |

**INTERVENOR PLAINTIFF FEDERATED MUTUAL INSURANCE COMPANY'S ORIGINAL COMPLAINT**

COMES NOW Plaintiff-In-Intervention FEDERATED MUTUAL INSURANCE COMPANY ("Federated Mutual"), as the workers' compensation insurance carrier for Nebraskaland Tire Inc., by and through its counsel, Lee Wickert, and files this Complaint in Intervention as a Plaintiff-In-Intervention as authorized by Federal Rule of Civil Procedure 24.

**I.
PARTIES**

1. Plaintiff-In-Intervention, Federated Mutual Insurance Company (hereinafter "Federated Mutual") is Minnesota corporation, with its principal place of business in Owatonna, Minnesota.

2. At all times relevant hereto, Plaintiffs, Eric Lucero and Whitnie Potts ("Plaintiffs"), are individuals residing in Potter County, Texas.

3. Defendant, , Caterpillar, Inc. ("Caterpillar") is a Delaware corporation with its principal place of business in Deerfield, Illinois.

4. Defendant, Wheels India, LTD is an Indian corporation with its principal place of business in Tamilnadu, India.

5. Defendant, GKN Armstrong Wheels Inc., is an Iowa Corporation with its principal place of business Armstrong, Iowa.

6. Defendant, GKN North American Services Inc., is an Illinois corporation with its principal place of business in Woodridge, Illinois.

## II.
## JURISDICTION AND VENUE

7. The incident which forms the basis of this complaint occurred on August 10, 2018 at Howell Sand & Gravel, 2300 E Hastings Ave, Amarillo, TX 79108.

8. Jurisdiction and venue are proper in this Court pursuant to Tex. Civ. Prac. & Rem. Code § 15.002, because all or a substantial part of the events or omissions giving rise to the claim occurred in Potter County, Texas.

9. This Court has jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C § 1332 because the matter is controversy allegedly exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states or countries.

## III.
## RELEVANT FACTS

10. This cause of action arises out of the injuries to Plaintiff Lucero occurring on or about August 10, 2018, from a work-place accident occurring at Howell Sand & Gravel, 2300 E Hastings Ave, Amarillo, TX 79108.

11. Plaintiff Lucero was an employee of Nebraskaland Tire Inc. at the time of the accident.

12. Plaintiff Lucero was severely injured while working on a Caterpillar Wheel Loader when there was an explosive separation of a split tire ring which blew off a tire and hit him in the head causing him to fall.

13. At all times relevant hereto, Federated Mutual issued a policy of workers' compensation insurance to Nebraskaland Tire Inc. At all pertinent times, Eric Lucero was an employee of Nebraskaland Tire Inc. Pursuant to the terms of the Policy, Federated Mutual has paid to date $60,426.20 in workers' compensation benefits under Texas law to Eric Lucero. Federated Mutual anticipates additional payments being made to Mr. Lucero.

14. Pursuant to the Texas Labor Code § 417.001(a), An employee or legal beneficiary may seek damages from a third party who is or becomes liable to pay damages for an injury or death that is compensable under this subtitle and may also pursue a claim for workers' compensation benefits under this subtitle.

15. Pursuant to the Texas Labor Code § 417.001(b), If a benefit is claimed by an injured

employee or a legal beneficiary of the employee, the insurance carrier is subrogated to the rights of the injured employee and may enforce the liability of the third party in the name of the injured employee or the legal beneficiary. The insurance carrier's subrogation interest is limited to the amount of the total benefits paid or assumed by the carrier to the employee or the legal beneficiary, less the amount by which the court reduces the judgment based on the percentage of responsibility determined by the trier of fact under Section 33.003, Civil Practice and Remedies Code, attributable to the employer.

16. Pursuant to the Texas Labor Code § 417.002(a), The net amount recovered by a claimant in a third-party action shall be used to reimburse the insurance carrier for benefits, including medical benefits, that have been paid for the compensable injury.

17. Pursuant to the Texas Labor Code § 417.002(b), Any amount recovered that exceeds the amount of the reimbursement required under Subsection (a) shall be treated as an advance against future benefits, including medical benefits, that the claimant is entitled to receive under this subtitle.

18. Pursuant to the Texas Labor Code § 417.002(c), If the advance under Subsection (b) is adequate to cover all future benefits, the insurance carrier is not required to resume the payment of benefits. If the advance is insufficient, the insurance carrier shall resume the payment of benefits when the advance is exhausted.

19. As such, Federated Mutual has a statutory right of reimbursement, recovery, and subrogation to recover all workers' compensation benefits paid and expenses from defendants and from any third-party recovery herein. Additionally, Federated Mutual is entitled to a future credit for any amount recovered that exceeds the amount of benefits paid. As a party at interest, Federated Mutual has a right to join this action.

20. Pursuant to the contractual provisions within the policy, Federated Mutual is subrogated to the rights of Plaintiff Eric Lucero and has a first priority right of subrogation and reimbursement from any third party.

## IV.
## THE ORIGINAL LAWSUIT

21. Plaintiff-In-Intervention incorporates by reference all statements and allegations contained in paragraphs 1 through 20.

22. Plaintiff brought the instant lawsuit against Defendants Caterpillar, Inc., Wheels India, LTD, GKN Armstrong Wheels, Inc. and GKN North American Services, Inc., alleging that the damages sustained by Plaintiff were proximately caused by the defective design, manufacturing, and marketing of the split tire ring used on the Caterpillar Wheel Loader involved in the incident made basis of this lawsuit and the negligence of Defendants. Defendants GKN Armstrong Wheels, Inc. and GKN North American Services, Inc. have since been dismissed from the suit.

## V.
## PLAINTIFF-IN-INTERVENTION'S CAUSE OF ACTION

23. Plaintiff-In-Intervention incorporates by reference all statements and allegations contained in paragraphs 1 through 22.

24. Defendants Caterpillar, Inc., and Wheels India, LTD, manufactured, and marketed the split tire ring used on the Caterpillar Wheel Loader that caused Plaintiff's injuries.

25. Defendants Caterpillar, Inc., and Wheels India, LTD placed split tire ring used on the Caterpillar Wheel Loader that caused Plaintiff's injuries into the stream of commerce in the United States and in the State of Texas.

26. Defendants Caterpillar, Inc., and Wheels India, LTD split tire ring used on the Caterpillar Wheel Loader was defective and unreasonably dangerous and was a proximate cause and/or producing cause of the events made the basis of the underlying lawsuit.

27. Defendants Caterpillar, Inc., and Wheels India, LTD should be held responsible under the law of strict product liability.

28. Defendants Caterpillar, Inc., and Wheels India, LTD were negligent in failing to inspect the split tire ring used on the Caterpillar Wheel Loader for dangerous conditions and failing to warn Plaintiff of such dangers.

29. Defendants' Caterpillar, Inc., and Wheels India, LTD negligence was a producing and proximate cause of the injuries sustained by Mr. Lucero.

30. The circumstances surrounding the event that caused Plaintiff's injury was such that it could only have occurred because of a failure of the product while it was in Defendants' control.

31. Federated Mutual hereby invokes the evidentiary doctrine of Res Ipsa Loquitor against

the Defendants.

32. Defendants action and negligent conduct caused Federated Mutual to suffer damages and losses.

33. As a direct and proximate result of Defendants actions, failures to act, and negligence, singularly and in combination, Federated Mutual has paid medical and lost wage benefits to Eric Lucero, pursuant to the workers' compensation policy issued to Eric Lucero's employer, Nebraskaland Tire Inc.

34. The workers compensation insurance benefits payable to Eric Lucero were issued pursuant to a group policy issued to Nebraskaland Tire Inc.

35. The subject workers' compensation policy was issued in Texas to a Texas resident with benefits to be made payable pursuant to the Texas Labor Code.

## VI.
## DAMAGES

36. Plaintiff-In-Intervention incorporates by reference all statements and allegations contained in paragraphs 1 through 35.

41. As a result of Defendants' actions and negligence, Federated Mutual paid medical and lost wage benefits to Eric Lucero

42. Further, as a result of Defendants' actions and negligence, Federated Mutual, pursuant to its obligations under the workers' compensation insurance policy, Federated Mutual has paid to date $60,426.20 in workers' compensation benefits under Texas law to Eric Lucero. Federated Mutual anticipates additional payments being made to Mr. Lucero.

43. Pursuant to the contractual provisions within the policy, Federated Mutual is subrogated to the rights of the Plaintiff and has a first priority right of subrogation and reimbursement from any third party.

**WHEREFORE**, Federated Mutual Insurance Company, requests the following:

a) A declaratory judgment under 28 U.S.C. § 2201 that it is entitled to a first priority subrogation and reimbursement claim against any recovery;

b) Federated Mutual is entitled to credit for its future obligations under the Texas Labor Code;

c) Judgment against the Defendants for benefits paid and payable under the policy pursuant to the Texas Labor Code;

d) Reimbursement on a first dollar basis from any recovery obtained by the Plaintiff for personal injuries;

e) an award of prejudgment interest;

f) For its costs; and

g) Any other relief to which it may be entitled and that this Court deems just and proper.

Respectfully submitted,

By:  /S/ LEE R. WICKERT
LEE R. WICKERT (TX Bar #24110528)
**MATTHIESEN, WICKERT & LEHRER, S.C.**
7403 N. Lamar, Suite 104
Austin, Texas 78752
P: (800) 637-9176
F: (262) 673-3766

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of _____, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email address:

| Kevin A. Isern | Brad K. Howll | Thomas C. Riney |
|---|---|---|
| Lovell, Lovell, Isern & Farabough, LLP | Mehaffy Weber | Riney & Mayfield LLP |
| 112 West 8th Ave. Ste. 1000 | 500 Dallas St., Ste 2800 | 320 South Polk St., Ste 600 |
| Amarillo, Texas 79101 | Houston, Texas 77002 | Amarillo, Texas 79101 |
| kevin@lovell-law.net | bradhowell@mehaffyweber.com | triney@rineymayfield.com |
| ATTORNEY FOR PLAINTIFFS | (713) 210-8917 phone | (806) 468 – 3200 phone |
| | (713) 655 – 0222 fax | (803) 376 – 4509 fax |
| | ATTORNEYS FOR DEFENDANT CATERPILLAR, INC. | ATTORNEYS FOR DEFENDANT CATERPILLAR, INC. |

/s/ Lee R. Wickert
LEE R. WICKERT