IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ERIC LUCERO, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:20-CV-207-Z-BQ |
| | § | |
| CATERPILLAR INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Seventh Advisory to Court Regarding Status of Service of Process on Defendant Wheels India, Ltd. ("Motion") (ECF No. 85), filed on October 31, 2022. Having considered the Motion, briefing, and relevant law, the Court **DENIES** the Motion.

### BACKGROUND

This is a strict liability and negligence case arising from an incident that occurred on August 10, 2018. Plaintiffs allege Eric Lucero was injured while working on a Caterpillar wheel loader when "the explosive separation of the split tire ring blew the ring off of the tire causing the ring to strike" him in the head. ECF No. 1-3 at 5. Defendant Wheels India, Ltd. ("Wheels India") is an Indian company that does business in the United States. *Id.* at 2. Plaintiffs allege Wheels India is one of four Defendants that could have either manufactured or sold the split tire ring that was involved in the incident. *Id.* at 4.

Since November 2020, the Court has issued *ten* orders extending the deadline by which Plaintiffs must either effect service on Wheels India or demonstrate good cause for their failure to effect service. On April 21, 2022, Magistrate Judge Bryant held "Plaintiffs have failed to demonstrate proper service on Wheels India or show good cause as to why service has not been

accomplished." ECF No. 69 at 3. "Despite the Court's efforts, Plaintiffs routinely provide[d] inadequate or substantially similar information in each advisory." *Id.* The Magistrate Judge then ordered Plaintiffs to file a brief specifying the status of service on Wheels India and whether Plaintiffs can pursue alternative methods of service provided by the Hague Convention or Federal Rule of Civil Procedure 4. *Id.* at 4. The Magistrate Judge warned Plaintiffs that Rule 4(f) authorizes a without-prejudice dismissal when the Court determines the plaintiff has not demonstrated reasonable diligence in attempting service. *Id.* Plaintiffs responded by arguing they must continue to wait for the Central Authority in India to serve their documents on Wheels India. ECF No. 72 at 5. This is because India is opposed to the alternative methods of service found in Article 10 of the Convention.[1] ECF No. 72 at 5. Despite this holding, the Magistrate Judge stayed the case once again in June. ECF No. 82 at 12.

On or about October 20, 2022, Plaintiffs were informed that the Central Authority could not forward the service packet to Wheels India based on an "address issue." ECF No. 85 at 2. Plaintiffs now request these proceedings be stayed for an additional 90 days. *Id.* at 3. Defendant Caterpillar, Inc. opposes the request and alternatively asks the Court to sever Plaintiffs' claims against Wheels India and order a separate trial. ECF No. 86 at 5. After filing the Motion, Plaintiffs received communication from the Central Authority stating the notice was returned to the court in India as refused. ECF No. 87 at 2–3. Plaintiffs then moved the Court to allow Plaintiffs to serve Wheels India electronically under Federal Rule of Civil Procedure 4(f)(3). *See generally* ECF No. 87.

---

[1] Under Article 10, service can be effected "by postal channels" or through the judicial officers, officials or other individuals of the state of destination. *See In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 WL 2415186, at *1 (N.D. Cal. June 12, 2008).

**LEGAL STANDARD**

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Proper use of this authority "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55. The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id.* at 255.

Under Rule 4(f), service on a foreign defendant is "proper when it is a court ordered method that is not prohibited by international agreement and is reasonably calculated, under the circumstances, to notify the defendant of the case and afford them an opportunity to present objections." *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022) (internal marks omitted). Service of process under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief" — it is merely "one means among several which enables service of process on an international defendant." *Affinity Labs of Tex., LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014) (internal marks omitted).

Because "district courts need to be able to control their dockets," Rule 4(f) authorizes a without-prejudice dismissal when the court determines in its discretion that the plaintiff has not demonstrated reasonable diligence in attempting service. *Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012) (internal marks omitted). A flexible due-diligence standard applies in determining whether a delay in service of process on a foreign defendant should be excused. *Id.* at 488–89. But a district court "is not left helpless when it wants to move a case along." *Id.* at 489 (internal marks omitted).

3

ANALYSIS

### A. Plaintiffs Have Not Demonstrated Reasonable Due Diligence or Good Cause for Failure to Effect Timely Service

The Hague Service Convention is "intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988). The Convention applies "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." *Id.* at 699 (internal marks omitted). However, the Convention "shall not apply where the address of the person to be served with the document is not known." *Convention Done at the Hague Nov. 15, 1965*, T.I.A.S. No. 6638, Art. 1 (Feb. 10, 1969).

Here, Plaintiffs argue they were bound by the rules outlined in the Convention regarding service on Wheels India until receipt of the report from the Central Authority. ECF No. 87 at 4. Plaintiffs argue because they now reasonably believe they do not know where to locate "the person to be served with the document," Article 1 of the Convention applies — thereby permitting electronic service under Rule (4)(f)(3). *Id.* However, it is clear Plaintiffs have not demonstrated due diligence.

"By its terms, Rule 4(f)(3) requires only that service be authorized by a court and not prohibited by international agreement." *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 512 (S.D.N.Y. 2013) (internal marks omitted). Thus, the Convention "does not displace" Rule 4(f)(3). *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018) (internal marks omitted). For example, the Fifth Circuit in *Nagravision* rejected a Chinese company's argument that court-ordered email service did not comply with the Hague Convention because the Chinese company overlooked Rule 4(f)(3). *Id.*

4

Indeed, "numerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies." *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-CV-02460-LHK, 2011 WL 2607158, at *12 (N.D. Cal. July 1, 2011). "This is true even in cases involving countries that, like India, have objected to the alternative forms of service permitted under Article 10 of the Hague Convention." *Id.*; *see also Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011) ("Where a signatory nation has objected to only those means of service listed in Article X, a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article X."); *F.T.C. v. Pecon Software Ltd.*, No. 12 CIV. 7186 PAE, 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013) ("Service by email and Facebook are not among the means listed in Article 10, and India has not specifically objected to them. Numerous courts have held that service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10.").

Plaintiffs were thus wrong to tell the Magistrate Judge they could not pursue alternative methods of service in April. They were likely wrong to have not pursued alternative methods of service much earlier than that. And they were wrong to wait almost eight months after the Magistrate Judge held Plaintiffs have not shown good cause as to why service has not been accomplished before pursuing alternative methods of service.

Proof of good cause requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013); *see also Harris v. Orange S.A.*, 636 F. App'x 476, 486 (11th Cir. 2015) ("The fact that [Plaintiffs] may have erred in good faith does not immunize [their] claims from dismissal."). Thus, Plaintiffs cannot rely on their mistaken understanding of the law as good cause for failure to effect timely service. To the

extent the law on this topic is at all ambiguous, nothing prevented Plaintiffs from at least attempting to purse alternative methods of service. The worst the Court would have said is "no."

Even if Plaintiffs were correct or at least reasonably believed they could not pursue electronic service, their prior efforts to comply with the Hague Convention were also unreasonable. The Magistrate Judge suggested as much when he held Plaintiffs had not shown good cause. As of the date of that order, a year-and-a-half had passed since Plaintiffs' request for service was forwarded to the Central Authority. ECF No. 69 at 3. But Plaintiffs did not "indicate what progress, if any, has occurred since October 2020 in their efforts to perfect service on Wheels India," and the evidence they provided was over a year old. *Id.* And other than initiating service in October 2020, Plaintiffs "made only one inquiry into the status of service." ECF No. 82 at 4. This is not what reasonable due diligence looks like. For the same reasons, Plaintiffs' have not shown a "clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

### B. Dismissal of Plaintiffs' Claims Against Wheels India is Warranted

The Fifth Circuit's standard for dismissal under Rule 4 for failure to effect service on a foreign defendant is an imprecise one. *See Lozano*, 693 F.3d at 489 ("Good faith and reasonable dispatch are the proper yardsticks."). For example, it might be proper for a court to dismiss a claim when "a plaintiff made no attempt to begin the process of foreign service" within 120 days. *Id.* at 489 n.8 (internal marks omitted). However, when "the applicable statute of limitations likely bars future litigation," the Fifth Circuit reviews a district court's dismissal under Rule 4 "by applying the standard applicable to a with-prejudice dismissal."[2] *Id.* at 489 (internal marks omitted).

Dismissals with prejudice require "a clear record of delay or contumacious conduct by the plaintiff." *Id.* at 490 (internal marks omitted). The delay must be "longer than just a few months;

---

[2] This does not mean the dismissal is with prejudice. Rather, the heightened standard for with-prejudice dismissal is applied to without-prejudice dismissals when applicable statutes of limitations bar future litigation.

6

instead, the delay must be characterized by significant periods of total inactivity." *Thrasher*, 709 F.3d at 513 (internal marks omitted). The Fifth Circuit also considers whether the delay: "(1) was caused by the plaintiff himself, as opposed to actual prejudice to the defendants; (2) resulted in actual prejudice to the defendants; or (3) was caused by intentional conduct." *Id.* at 514 (internal marks omitted). This standard applies here because "the statute of limitations would likely bar Plaintiffs from re-litigating their claims." ECF No. 82 at 11.

Dismissal is warranted under this standard for several reasons. First, the Magistrate Judge already noted significant periods of total inactivity because Plaintiffs made only one inquiry as to service between October 2020 and June 2022. ECF No. 82 at 4. Second, Plaintiffs were warned in May and again in June that they risk dismissal of their claims against Wheels India. *See* ECF Nos. 69 at 4, 82 at 12. Yet, Plaintiffs waited almost six more months from their second warning before pursuing alternative methods of service. *See Thrasher*, 709 F.3d at 514 (finding no abuse of discretion in dismissal where the court's "warning of dismissal and grant of extensions accompanied by generous allotments of time did not influence Thrasher to effect service properly").

Third, although the Court does not necessarily ascertain any bad faith on the part of Plaintiffs, the delay was still intentional. In other words, a more-than-two-year failed effort to effect service cannot be construed as mere inadvertence. *See, e.g., id.* at 513 (finding clear delay under the dismissal with prejudice standard because of "prolonged periods of inactivity" in a ten-month delay); *Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x 688, 694 (5th Cir. 2008) ("Looking at [the] record, we find a seven-month period of what can only be characterized as total inactivity."); *Porter v. Beaumont Enter. & J.*, 743 F.2d 269, 271 (5th Cir. 1984) (holding a one-year delay between filing the complaint and service "was an inordinate delay justifying

7

dismissal"). As the Court explained, Plaintiffs' efforts to effect service under the Hague Convention were not reasonably diligent. Even where the Magistrate Judge ordered yet another stay in June, he relied in part on Plaintiffs' flawed argument that they could not pursue alternative service methods. ECF No. 82 at 8. Fourth, Plaintiffs' delay has prejudiced Defendants by adding time and expense in their defense of Plaintiffs' claims. ECF No. 78 at 9–10; *see also Gonzalez v. Thomas Built Buses, Inc.*, 268 F.R.D. 521, 527 (M.D. Pa. 2010) ("As with any claim, the more stale a claim becomes, the more likely it is that a defendant may become prejudiced by the lack of timely service.").

Finally, a dismissal of Wheels India is a lesser sanction than dismissing the entire action. The only factor weighing against dismissal is that Plaintiffs' delay is presumably the fault of their counsel rather than their own. But this factor alone is insufficient to save Plaintiffs' claims against Wheels India. The delay in this case is inexcusable. Accordingly, the Court **DISMISSES** Plaintiffs' claims against Wheels India **WITHOUT PREJUDICE**. The Court hereby **DIRECTS** the District Clerk to terminate Wheels India from this case.

CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion. Defendant Caterpillar, Inc.'s Motion for Severance and Separate Trial of Claims Against Wheels India (ECF No. 86) and Plaintiffs' Motion to Effect Service of Process on Wheels India, Ltd. by Alternative Means Under FRCP 4(f)(3) (ECF No. 87) are **DENIED** as moot.

**SO ORDERED.**

December 15, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE